# In the United States Court of Federal Claims

No. 25-1544
Filed: December 23, 2025
NOT FOR PUBLICATION

**CARRERA RAY ANDERSON,**

        *Plaintiff,*

v.

**UNITED STATES,**

        *Defendant.*

*Carrera Ray Anderson*, *pro se*.

*Nelson Kuan*, U.S. Department of Justice – Civil Division, Washington, DC.

## MEMORANDUM OPINION AND ORDER

    The plaintiff, Carrera Ray Anderson, proceeding *pro se*, filed this action against the United States, on September 17, 2025.[1] The plaintiff was a soldier convicted of and serving a military sentence for sexual assault. The plaintiff seeks to have the defendant process and honor bonds that were tendered unilaterally to the government through a trust the plaintiff had established to discharge the plaintiff's so-called "commercial-paper liability." The plaintiff alleges that through these bonds a contract between himself and the defendant was created. The plaintiff alleges that this supposed contract supports a demand that he be released from incarceration and receive a full accounting of the balance due on the bonds. The plaintiff also seeks to have the defendants placed "on probation due to their inability or unwillingness or ignorance as to their failure to process, discharge, and release plaintiff from all commercial liability." (Complaint at 9.)

---

[1] Along with the United States, the complaint names as defendants John W. Brommes, Chief Judge of the U.S. District Court for the District of Kansas (D. Kan.); Skyler B. O'Hara, Clerk of Court (D. Kan.); Col. Steven P. Haight (a military judge); Robert Shuck (a military judge); Capt. Lauryn D. Carr (an Army prosecutor); Maj. Matthew D. Nunes (an Army prosecutor); Demi Lyn Johnson (U.S. Department of Justice litigation-technology manager); U.S. Attorney General Pam Bondi; Michael J. Millios (the plaintiff's civilian defense counsel); Maj. James J. Berreth (the plaintiff's military appellate counsel); and Col. Laura Profitt (warden of the Joint Regional Correctional Facility, in which the plaintiff is incarcerated).

The defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").  The defendant argues the court lacks jurisdiction to hear the plaintiff's claim because the complaint fails to allege a valid contract between the plaintiff and the United States.

The plaintiff fails to provide documentation to support his claim that he has a valid contract with the United States.  The complaint also fails to show that plaintiff alleges monetary damages for which the Court of Federal Claims can provide a remedy.  Accordingly, the court lacks subject-matter jurisdiction, and the complaint is dismissed under RCFC 12(b)(1) and 12(h)(3).

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

The plaintiff, a soldier, was charged and convicted of the sexual assault of another soldier and sentenced on October 12, 2018, to imprisonment for eight years and a dishonorable discharge.  The plaintiff appealed unsuccessfully to the Army Court of Criminal Appeals ("ACCA") and then sought post-conviction relief in the United States District Court for the District of Kansas.  In seeking post-conviction relief, the plaintiff argued that "[p]ursuant to Title 28 USC §2041, the U.S. Const. Contract Clause, SEC Rule Title 17 CFR 240.10b-5, and UCC 3-603 Tender of Payment, the charges were discharged by and through Title 48 CFR Ch. 1 § 53.228 Bonds and Insurance." (Exhibits to Complaint at 131.[3])  The plaintiff argued that his continued incarcerated constituted cruel and unusual punishment in violation of the eighth amendment.  The district court denied post-conviction relief.

The plaintiff sued in this court in September 2025 under a contract theory.  The plaintiff attached seven exhibits to the complaint.  Exhibits 1, 2, 3, and 5 purport to show that the plaintiff has a "Contract with the U.S. Treasury (TRE) for financial instrument processing."

The complaint alleges that the plaintiff has a valid contract with the United States through a trust he established between himself and the United States.  Attached to the complaint as an exhibit is a document entitled "Certification of Trust, created by a Declaration of Trust dated January 6, 2021."  The trust itself is entitled "Carrera Ray Anderson Trust."  The plaintiff is

---

[2] The facts outlined are drawn from the complaint and exhibits in support of the plaintiff's complaint.  When reviewing a motion to dismiss for lack of jurisdiction a "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  When a plaintiff's asserted jurisdictional facts are challenged, however, only those factual allegations not controverted by the defendant are accepted as true.  *Shoshone Indian Tribe of Wind River Rsrv., Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).  A court is not "'restricted to the face of the pleadings'" in resolving disputed jurisdictional facts and may review evidence outside the pleadings.  *Id.* (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993), cert. denied, 512 U.S. 1235 (1994)).

[3] The pagination reflects the page number assigned by the court's electronic filing system.

named as the executive trustee. A document included as an exhibit reflects that, during an initial meeting of the trustees, the trust became a separate legal entity on June 30, 1996, the plaintiff's date of birth. The trust names Steven Mnuchin, the U.S. Secretary of the Treasury between 2017 and 2021, and Francisco Alicea, the Secretary of Treasury of the Commonwealth of Puerto Rico between 2019 and 2024, as fiduciaries "appointed for directive in handling trust business."

One of the exhibits to the complaint reflects that the plaintiff mailed Secretary Alicea a letter appointing him as fiduciary of trust and a self-backed bond worth $100,000,000.00 "based on future earnings." In this letter, the plaintiff requested that the Puerto Rico Treasury Department use the $100,000,000.00 to make investments to generate a return of at least two percent annually. The letter noted that if Secretary Alicea did not respond within 30 days, the trust would assume acceptance of the responsibilities by the Puerto Rico Treasury Department as fiduciary on behalf of the trust.

Based on the alleged trust relationship between the plaintiff and the U.S. Treasury Department, the plaintiff alleges the existence of a valid contract between himself and the United States. He sues here seeking to have that trust honored and to have all "commercial paper liability" discharged and to be released from incarceration.

The defendant has moved to dismiss for lack of jurisdiction, arguing that the complaint fails to allege the existence of a valid contract between the plaintiff and the United States or any "setoff" or demand by the United States against the plaintiff. The plaintiff has opposed dismissal, arguing that the motion to dismiss is "filled with half-truths and false presumptions." Oral argument is not necessary to resolve the motion.

## II.   LEGAL STANDARD

The defendant has moved to dismiss the complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). "Jurisdiction is power to declare the law" or "the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 94-95 (1998) (emphasis omitted). Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Id.* A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even proceeding *pro se*, however, the plaintiff still bears the burden to demonstrate that the complaint satisfies the jurisdictional limits on the Court of Federal Claims. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). This burden must be met by establishing by a preponderance of the evidence the existence of subject-matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act itself does not "create[ ] a substantive right enforceable against the Government by a claim for money damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). Instead, the Tucker Act limits the jurisdiction of the Court of Federal Claims to causes of action based on money-mandating statutes and regulations separate from the Tucker Act. *Metz v. United States*, 466 F.3d 991, 995-98 (Fed. Cir. 2006).

Under the Tucker Act, the Court of Federal Claims may hear claims for money damages arising under a contract with the United States. The existence of a contract is a question of law. *Cal. Fed. Bank v. United States*, 245 F.3d 1342, 1346 (Fed. Cir. 2001). To support jurisdiction in the Court of Federal Claims, a complaint must plausibly "allege facts establishing the existence of a contract with the government." *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1381 (Fed. Cir. 2019). To establish the existence of a contract with the federal government, the plaintiff must plausibly allege facts sufficient to demonstrate: (1) a mutual intent of the parties to contract; (2) an unambiguous offer and acceptance; (3) consideration; and (4) "actual authority" by the government representative "to bind the [g]overnment" in contract. *Id.*; *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003).

### III.   DISCUSSION

Under the Tucker Act, the court only has jurisdiction to hear claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Thus, the claims against all named defendants except the United States are dismissed under RCFC 12(b)(1) and 12(h)(3).

As for the claims against the United States, the complaint is hard to decipher, and the plaintiff's response to the motion to dismiss is largely unintelligible. The plaintiff alleges that "GSA-Form Bonds" were tendered to the defendant "to process and perform discharge/payment for the outstanding commercial paper liability." The complaint appears to base the existence of a contract between the plaintiff and the defendant on the trust he unilaterally created and sent to the U.S. Department of Treasury as a "GSA-Form Bond." Through this trust, the plaintiff purported to make the Secretary of the Treasury and Puerto Rico's Secretary of the Treasury fiduciaries and provided them with a $100,000,000.00 self-backed bond based on the plaintiff's future earnings. The plaintiff directed the secretaries to invest this fictitious bond so that it would accrue interest. The plaintiff alleges that the trust he established with the Treasury Department through this purported bond should be used to pay "outstanding commercial paper

liability" or "setoff" any liability associated with his 2018 sexual-assault conviction. Once the plaintiff's financial liability is paid off, the plaintiff alleges he is entitled to release from prison.[4]

The plaintiff alleges that through the trust he established with the Department of Treasury, he is a contractor with the United States government, and he may therefore bring a contract claim in this court under 28 U.S.C. § 1491 (a).

To plead a contract claim, whether express or implied, within Tucker Act jurisdiction: "a complainant must allege mutual intent to contract including an offer, an acceptance, consideration and facts sufficient to establish that the contract was entered into with an authorized agent of the United States who 'had actual authority to bind the United States.'" *Lion Raisins, Inc. v. United States*, 54 Fed. Cl. 427, 431 (2002) (quoting *Trauma Service Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997)). The plaintiff alleges that the trust he alludes to in his complaint constitutes a valid contract with the United States Government. Plaintiff provided seven exhibits in support of his complaint and provides Exhibits 1, 2, 3, and 5 in support of his allegation that he has a "Contract with the U.S. Treasury (TRE)."

The exhibits do not support the existence of a contract between the plaintiff and the defendant. The plaintiff created his own trust and sent it to the Secretary of the Treasury. The exhibits do not reflect that any agent of the United States assented to any purported trust. With no indication of an acceptance by the defendant of the plaintiff's purported offer, the exhibits do support the existence of a contract between the plaintiff and the defendant.

The jurisdictional shortcoming of the complaint is evinced by the relief sought. The plaintiff seeks to have the government honor and process the purported bonds that he tendered to

---

[4] Based on the plaintiff's reference to himself as a corporate entity ("Carrera-Ray: Anderson ©") and a "stateless person" outside the general jurisdiction of the federal government, and his belief that his criminal case is subject to the Uniform Commercial Code, it appears that the plaintiff is a sovereign citizen. "[S]overeign citizen claims, which are generally founded on misunderstandings of the Uniform Commercial Code, maritime and admiralty law, and trust law… have been unanimously rejected by the courts." *Bradford v. Kummerfeld*, No. 5:19cv143, 2020 WL 6482980, at *1 (E.D. Tex., May 13, 2020) (citing *West v. Bornunda*, 698 F. App'x 224 (5th Cir. 2017)). Sovereign citizens conflate criminal prosecution with commercial claims, believing that criminal defendants can post a bond tied to their birth certificate or a fictional treasury account. *See Federal Bureau of Investigation*, Sovereign Citizens: An Introduction for Law Enforcement, 6 (Nov. 2010), https://info.publicintelligence.net/FBI-SovereignCitizens.pdf (last visited December 17, 2025.) Through this line of reasoning, a criminal act creates a financial debt, and if a convicted defendant pays off that debt through fictional bonds or sureties, then the judgment is satisfied, and that defendant must be released from custody. *See United States v. Green*, No. 3:96cr74/RV, 2012 WL 6761572 (N.D. Fl. Dec. 19, 2012); *United States v. Robinson*, 710 F.Supp.2d 1065, 1079 (D.N.M. 2010); *see also Polinski v. United States*, 178 Fed. Cl. 736 (2025); *Potter v. United States*, 161 Fed. Cl. 24 (2024); *Gravatt v. United States,* 100 Fed. Cl. 279 (2011). Such an argument is frivolous and, if repeated by the plaintiff in the future, could result in sanctions under RCFC 11.

the Treasury Department. That request shows that the United States has done nothing with the documents the plaintiff submitted. No contract can exist without an offer and acceptance. Even construing the transmission by the plaintiff of the bonds as some kind of offer, that offer was never accepted. Without acceptance there is no contract, and in the absence of a contract between the plaintiff and the United States, there is no jurisdiction over the complaint.[5]

The plaintiff seeks equitable relief only, not damages. The plaintiff requests an order discharging his commercial-paper liability, providing him with a full accounting of the balance on his bonds, and releasing the plaintiff from prison and placing him on probation. (Complaint at 9.) The Court of Federal Claims generally has the authority only to award money damages. Except for specific limited purposes, the court otherwise lacks the authority to issue equitable relief. *Richardson v. Morris*, 409 U.S. 464, 465 (1973). The court's authority to issue equitable relief is limited to: (1) bid protests brought under 28 U.S.C. § 1491(b); (2) claims "incident of and collateral to" an award of money damages, as specified in 28 U.S.C. § 1491(a)(2); and (3) certain nonmonetary claims under the Contract Disputes Act, as outlined in 28 U.S.C. § 1491(a)(2). *See Sergent's Mech. Systems, Inc. v. United States*, 157 Fed. Cl. 41, 47 (2021). Because the plaintiff has not sought an award of money damages, his claims plainly fall outside the scope of jurisdiction conferred on the court by the Tucker Act.

The plaintiff also purports to rely on a contract created when he opened a Treasury Direct account. The ministerial action of opening that account does not create a contract with the United States. *See Chattler v. United States*, 632 F.3d 1324, 1332 (Fed. Cir. 2011).

Reading through the complaint and the plaintiff's brief's, the main thrust of the plaintiff's claim seems to be his request to be released from prison. Such a request amounts to a request for post-conviction relief under 28 U.S.C. § 2255. Jurisdiction to consider an application for post-conviction relief from a federal conviction is vested in "the court which imposed the sentence," 28 U.S.C. § 2255(a), not the Court of Federal Claims. Thus, that claim too is beyond the court's jurisdiction. *See Sanders v. Unted States*, No. 22-2187, 2022 WL 880251, at *3 (Fed. Cl. Mar. 23, 2022). While the Court of Federal Claims has jurisdiction to review collaterally convictions by courts martial in limited circumstances, that jurisdiction is restricted to claims for back pay, *see Reid v. United States*, 159 Fed. Cl. 619, 627 (2022), and does not extend to claims seeking release from custody.

The plaintiff has already appealed his conviction within the military judicial system and sought relief in the district court, which denied his claim. This court lacks the authority to review "district court criminal proceedings." *Kenyon v. United States*, 683 F. App'x 945, 949

---

[5] The plaintiff also alleges that an "issue as to setoff in the relation between Plaintiff and a 'fiscal agent of the United States'" provides the court with jurisdiction through Title 28 U.S.C. § 1503. (Complaint at 2.) Section 1503 provides the Court of Federal Claims with "jurisdiction to render judgment upon any setoff or demand by the United States against any plaintiff in such court." The plaintiff misunderstands the law. Section 1503 provides the Court of Federal Claims jurisdiction to entertain a *government* counterclaim for a setoff against a plaintiff in this court. *See Perfect Form Mfg. LLC v. United States*, 160 Fed. Cl. 149, 160 (2022). Section 1503 cannot support jurisdiction over the plaintiff's claim.

(Fed. Cir. 2017) (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).  The request for release from custody must be dismissed.

When a federal court determines that it lacks jurisdiction to consider a claim, it must determine if it is in the interest of justice to transfer the case to a court that could exercise jurisdiction.  28 U.S.C. § 1631.  The plaintiff has already sought and been denied relief in the federal district that could consider his claims.  Transfer back to that court would therefore not be in the interest of justice.

### IV.   CONCLUSION

The complaint fails to allege the existence of a valid contract between the plaintiff and the United States.  Accordingly, the court lacks subject-matter jurisdiction over the complaint.  The defendant's motion to dismiss is **GRANTED**, and the complaint is **DISMISSED** without prejudice under RCFC 12(b)(1) and 12(h)(3).  The Clerk is **DIRECTED** to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**
